UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LENZO MURRELL,**

   **Plaintiff,**

v.                   Case No: 6:16-cv-436-Orl-28GJK

**COMMISSIONER OF SOCIAL SECURITY,**

   **Defendant.**

## REPORT AND RECOMMENDATION

Lenzo Murrell (the "Claimant"), appeals from a final decision of the Commissioner of Social Security (the "Commissioner"), denying his application for Social Security disability insurance benefits. Doc. No. 1; R. 90. Claimant alleges an onset date of disability of June 25, 2011. R. 159. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: (1) failing to find that Claimant suffered from a severe impairment resulting from his mental condition; (2) assigning Claimant a residual functional capacity ("RFC") of medium work with some non-exertional limitations; and (3) relying on the vocational expert's testimony. Doc. No. 19 at 11-13, 17-28, 34-35. For the reasons set forth below, it is recommended that the Commissioner's final decision be **REVERSED** and these proceedings **REMANDED**.

**I. THE ALJ'S FIVE-STEP DISABILITY EVALUATION PROCESS.**

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). In *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

(Citations omitted.) The steps are followed in order. If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step. 20 C.F.R. § 416.920(a)(4).

## II. STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew,

reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. ANALYSIS.

#### A. The ALJ's finding at step two

Claimant argues that the ALJ erred in finding that Claimant's mental condition was not a severe impairment. Doc. No. 19 at 11. At step two of the sequential evaluation process, the ALJ found that Claimant has the following severe impairments: a spine disorder, inflammatory bowel disease; and arthropathies. R. 22. The ALJ determined that Claimant's anxiety disorder was not a severe impairment. R. 22.

To constitute a severe impairment at step two, an impairment must significantly limit an individual's ability to perform basic work skills. 20 C.F.R. § 416.920(c). The Eleventh Circuit has found that an "impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). The Eleventh Circuit has "described step two as a 'filter' requiring the denial of any disability claim where no severe impairment or combination of impairments is present." *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 950 (11th Cir. 2014) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).[1] "To proceed to step three of the evaluation process, an ALJ need only conclude that an applicant had 'at least one' severe impairment." *Id.* at 951 (quoting *Jamison*, 814 F.2d at 588). "[T]he only consequence of the analysis at step two is that, if the ALJ finds no severe impairment or impairments, he should

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. 11th Cir. R. 36-2.

reach a conclusion of no disability." *Id.* Thus, so long as the ALJ finds any impairment or combination of impairments severe at step two, the ALJ may proceed to the remaining steps in the sequential evaluation process, and there is no need for the ALJ to identify every severe impairment at step two. *Id.*; *see also Farrington v. Astrue*, No. 3:09-cv-94-J-TEM, 2010 WL 1252684, at *4 (M.D. Fla. Mar. 29, 2010) (finding a single impairment at step two is all that is required so long as the ALJ considers all impairments, both severe and non-severe, throughout the sequential evaluation process, including in determining claimant's RFC).

In this case, at step two, the ALJ concluded that Claimant's spine disorder, inflammatory bowel disease, and arthropathies were severe impairments, and then proceeded to the next step in the sequential evaluation process. R. 22, 24. The regulations and the Eleventh Circuit require nothing more. While the ALJ was required to consider Claimant's anxiety throughout the latter steps of the sequential evaluation process, Claimant's argument that the ALJ erred at step two by failing to find his mental condition to be a severe impairment is misplaced because the ALJ found other severe impairments at step two, and therefore, Claimant suffered no harmful error at step two.

Claimant also argues that the ALJ ignored Claimant's "mental condition in the analysis regarding the residual functional capacity determination." Doc. No. 19 at 13. As set forth above, an ALJ is required to consider all impairments, regardless of whether they are found to be severe or non-severe at step two, in combination throughout the latter steps of the sequential evaluation process. *Tuggerson-Brown*, 572 F. App'x at 951. In *Tuggerson-Brown*, the Eleventh Circuit found that the ALJ sufficiently met that requirement at step three by stating that he had considered whether the claimant had an impairment or combination of impairments that met or equaled a listing and by indicating in the RFC section of the decision that he had considered all of the

claimant's symptoms. *Id*. at 951-52 (citing *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002)).

Here, the ALJ found that Claimant's impairments do not meet or medically equal the severity of a listed impairment. R. 24. After setting forth Claimant's RFC, the ALJ stated, "In making this finding, the undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." R. 24. In determining Claimant's RFC, the ALJ specifically considered Claimant's anxiety and symptoms related thereto. R. 26. The ALJ stated "that the [C]laimant's impairments are not as severe or limiting as alleged and would not preclude him from performing work at the residual functional capacity noted above on a regular and sustained basis." R. 26. Under *Tuggerson-Brown*, 572 F. App'x at 952, such "statements are enough to demonstrate that the ALJ considered all the necessary evidence." Thus, the undersigned finds that the ALJ sufficiently considered Claimant's mental condition throughout the sequential evaluation process. Accordingly, it is recommended that Claimant's first argument be rejected.

### B. The RFC determination

Claimant's second argument is that the ALJ erred in finding that Claimant had the RFC to perform medium work with some non-exertional limitations. Doc. No. 19 at 17-28. Claimant focuses on the weight given to the non-examining state doctors' opinions and that the ALJ did not indicate the weight he assigned to any other doctors' opinions. *Id.* at 18-28. Claimant also argues that the ALJ abdicated his duty to develop a full and fair record because he did not get a copy of the MRI referenced by Claimant's treating doctor. *Id.* at 20.

Claimant argues that the opinions of the non-examining state doctors, Dr. Bigsby and Dr. Reback, should not have been afforded significant weight because they were rendered before Claimant experienced other medical problems; thus, the doctors did not review all of the medical records. *Id.* at 18-20. The Commissioner argues that the ALJ reviewed the entire record and properly determined that the doctors' opinions were supported by and consistent with the whole record. *Id.* at 29-30.

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Without those reasons, the reviewing court cannot determine whether the ALJ's decision was rational and supported by substantial evidence, and it will not affirm, even if there is some rationale that supports the ALJ's decision. *Id.*

In cases like this one, involving the ALJ's handling of such medical opinions, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Comm'r of Soc. Sec.*, 533 F. App'x 929, 931 (11th Cir. Aug. 14, 2013). In *Winschel*, the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions; the statement constitutes an opinion, which requires the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d at 1178-79 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error). Based on the foregoing, an ALJ may not "implicitly discount" or ignore any medical opinion. *Winschel*, 631 F.3d at 1178-79; *MacGregor*, 786 F.2d at 1053; *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960,

962-63 (11th Cir. 2015) (reversible error for ALJ to fail to state weight given to non-examining physician's opinion).

In his decision, the ALJ did not state why he was affording Dr. Bigsby's and a portion of Dr. Reback's opinions significant weight. R. 20-27. Under *Winschel*, this alone prevents recommending affirmance of the decision.[2]

The ALJ also failed to state what weight, if any, he gave to the opinions of the examining consultative doctor. R. 20-27. Dr. Austin, the examining, consultative physician, opined that Claimant's "[a]ttention and concentration were marginal." R. 341. This is an opinion because it is a judgment about the severity of Claimant's impairment. *See Winschel*, 631 F.3d at 1178-79. In response to Claimant's argument that the ALJ did not set forth the weight he gave Dr. Austin's opinion, the Commissioner argues that the ALJ specifically discussed Dr. Austin's report in his decision; that the ALJ gave significant weight to Dr. Reback's opinion, and Dr. Reback reviewed and gave great weight to Dr. Austin's opinion; and that the opinions of one-time examiners are not entitled to deference or special consideration. Doc. No. 19 at 32.

First, although the ALJ discussed Dr. Austin's opinion in his decision, the ALJ did not state what weight he was assigning the opinion or the reasons for that weight. R. 26. The ALJ relied on the opinion to discredit Claimant's claim that his anxiety is a severe impairment. R. 26. As discussed above, without an explanation of the weight given the opinion or the reasons therefor, the undersigned cannot determine whether the ALJ's decision was rational and supported by substantial evidence.

---

[2] Although the ALJ stated that he gave Dr. Reback's opinion significant weight, he then states that he disagrees with that portion of Dr. Reback's opinion regarding Claimant being mildly impaired in concentration, persistence, and pace due to his anxiety and pain. R. 26.

Second, the Commissioner relies on the ALJ giving significant weight to Dr. Reback's opinion, which gave significant weight to Dr. Austin's opinion. Doc. No. 19 at 32. But the ALJ disagreed with Dr. Reback's opinion regarding Claimant being mildly impaired regarding concentration, persistence, and pace, which is the part of the opinion that corresponds with Dr. Austin's opinion that Claimant's "[a]ttention and concentration were marginal." R. 26, 83, 341. Thus, the ALJ giving significant weight to Dr. Reback's opinion cannot be used to infer that he also gave significant weight to Dr. Austin's opinion. Dr. Austin's and Dr. Reback's opinions regarding Claimant's concentration are not identical, and thus the ALJ needed to independently weigh Dr. Austin's opinion and specify the weight given it.

Finally, the Commissioner argues that the opinions of one-time examiners are not entitled to deference or special consideration. Doc. No. 19 at 32. The ALJ did not articulate whether he gave Dr. Austin's opinion deference or special consideration. If the ALJ had articulated this and his reasons for doing so, then the undersigned would be able to determine whether the ALJ's decision was rational and supported by substantial evidence. Because the ALJ did not do this, it is recommended that the decision be reversed.

Claimant also argues that the ALJ erred in not stating the weight he gave to the Claimant's treating physicians' opinions. Doc. No. 19 at 21. The Commissioner argues that Claimant's treating physicians did not render opinions; instead, the record contains only their notes without any judgment about the nature and severity of Claimant's symptoms. *Id.* at 30. Claimant did not point to any judgments by his treating physicians regarding the nature and severity of his symptoms, what the Claimant can still do despite his impairments, or Claimant's physical and mental restrictions, and the undersigned did not find any in their medical records. Thus, Claimant failed to show the ALJ committed any error regarding opinions from any treating physicians.

Claimant also contends that the ALJ did not develop a full and fair record because he "[a]pparently . . . did not obtain a copy of the MRI referenced by the claimant's treating physician." Doc. No. 19 at 20. That reference is in a note regarding an exam of Claimant occurring on December 24, 2013, which states that Claimant recently had an MRI. R. 697. The date of Claimant's disability application is April 5, 2012, and Claimant alleges an onset date of June 25, 2011. R. 152, 159. As it appears that the MRI was conducted outside of the twelve months preceding Claimant's disability application, the ALJ was not required to include it in the record. *McCloud v. Barnhart*, 166 F. App'x 410, 418 (11th Cir. 2006) (ALJ was not under a duty to include records outside the twelve months preceding the date of the application in the record).

### C. ALJ's Reliance on Vocational Expert's Testimony

Claimant's final argument is that the hypothetical question addressed to the vocational expert did not adequately reflect Claimant's limitations because the ALJ did not properly weigh the treating doctors' opinions. This argument fails, however, because, as discussed above, Claimant failed to identify any opinions by Claimant's treating physicians in the record.

### IV. CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk be directed to enter judgment for Claimant and close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

   **DONE** and **ORDERED** in Orlando, Florida, on February 24, 2017.

*/s/ Gregory J. Kelly*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Shea A. Fugate, Esq.
Law Offices of Shea A. Fugate
P.O. Box 940989
Maitland, FL 32794

A. Lee Bentley, III
United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Susan Story, Acting Regional Deputy Chief Counsel
Jerome Albanese, Branch Chief
Dana Myers, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Joseph A. Rose
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801